ALYSSA MILMAN WHITE, ESQ. (SBN 160212)
alyssa@angelowhitelaw.com
SARA ESCALANTE, ESQ. (SBN 323127)
sara@angelowhitelaw.com
**ANGELO & WHITE**
A Professional Corporation
660 Newport Center Drive, Suite 1000
Newport Beach, California 92660
Telephone: 949-640-0800
Facsimile: 949-640-0887

Attorneys for Plaintiff,
SYMPLE LENDING, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYMPLE LENDING, LLC, a Wyoming limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>MITIGATELY, LLC, a Wyoming limited liability company; CLARITY DEBT RESOLUTION, INC., a California corporation; KEN GUERRA, an individual; SYMPLE PATH LENDING, LLC, a Wyoming limited liability company;<br><br>Defendants. | Case No.: 8:26-cv-3492<br><br>**PLAINTIFF SYMPLE LENDING, LLC'S COMPLAINT FOR:**<br><br>**1. TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114;**<br>**2. FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a);**<br>**3. DILUTION - 15 U.S.C. § 1125(c);**<br>**4. COMMON LAW TRADEMARK INFRINGEMENT;**<br>**5. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br>**6. CIVIL VIOLATION OF CAL. PENAL CODE § 496(c); and**<br>**7. UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE § 17200.**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff SYMPLE LENDING, LLC by and through the undersigned counsel, herby bring this Complaint against Defendants MITIGATELY, LLC, CLARITY DEBT RESOLUTION, INC., SYMPLE PATH LENDING, LLC, and KEN GUERRA and allege as follows:

**THE PARTIES**

1. Plaintiff SYMPLE LENDING, LLC ("Symple Lending" or "Plaintiff") is a Wyoming limited liability company with one of its two offices located at 3351 Michelson Drive, Suite 400, Irvine California 92612.

2. Defendant MITIGATELY, LLC ("Mitigately") is a Wyoming limited liability company with its principal place of business in San Diego, California.

3. Defendant CLARITY DEBT RESOLUTION, INC. ("Clarity"), is a California Corporation with its principal place of business in Irvine, California.

4. Defendant KEN GUERRA ("Guerra") is an individual does business in the State of California.

5. Upon information and belief, Defendant SYMPLE PATH LENDING, LLC ("Symple Path Lending") is a Wyoming Limited Liability Company , which Defendant Guerra, Mitigately and Clarity control.

6. Defendants Mitigately, Clarity, Guerra and Symple Path Lending are collectively referred to herein as "Defendants".

7. Upon information and belief, the Defendants have and continue to have contacts with the state of California and this judicial district that are substantial, continuous, and systematic, as Defendants are, among other things, using an infringing trademark name to make sales, to solicit and engage in business, and to serve the markets of this state and district.

**JURISDICTION AND VENUE**

8. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. The Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy, and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. A substantial part of the events and/or omissions giving rise to the claims against Defendants occurred in this judicial district, including the unauthorized use of an infringing brand name to make sales in this judicial district, to solicit and engage in business in this judicial district, and to serve the judicial district's markets.

## GENERAL ALLEGATIONS

11. Plaintiff Symple Lending was founded in January of 2021 and has offices in Irvine, California and Tampa, Florida.

12. Symple Lending markets financial service programs to consumers under the trademark name "Symple Lending," federal trademark registration number 7491228 (the "Trademark Name").

13. Symple Lending has been using its Trademark Name in connection with marketing financial services to consumers since March 15, 2021, including personal loans, consolidation loans, and home improvement loans.

14. Symple Lending's Trademark Name was filed on November 6, 2022, and registered on September 3, 2024, under International Class 35 for Advertising and Business Services.

### Plaintiff Symple Lending's Investments Into and Use of the Trademark Name "Symple Lending" in Commerce

15. Symple Lending currently spends approximately $84 million a year advertising its Trademark Name. Symple Lending spent approximately $36 million on advertising its Trademark Name in 2023, approximately $60 million in 2024, and approximately $60 million in 2025.

16. Symple Lending's Trademark Name is featured on all marketing materials, including mailers and digital advertising on platforms such as Instagram, LinkedIn, X, Facebook, Google, Paramount, Disney Plus, Hulu, Spotify, and Pandora, among others.

17. Symple Lending's Trademark Name is featured on its website, symplelending.com, and on thousands of Symple Lending's social media posts.

18. On average, Symple Lending's website gets over one hundred thousand hits a day.

19. On average, Symple Lending's social media pages get approximately 1.2 million views and/or impressions a day.

20. Symple Lending has invested over $200,000 in apparel and employee swag, including t-shirts, polo shirts, hats, pins, notebooks, backpacks, tumblers, etc.

21. Symple Lending also trademarked the phrase, "Life Should Be Symple" (federal trademark registration number 7459753) as part of its overall efforts to market the brand.

22. Symple Lending was named to Inc.'s 2025 Best Workplaces list, which recognizes U.S. companies with exceptional workplace culture and employee engagement.

23. Symple Lending ranked No. 72 on the 2025 Inc. 5000 list of America's Fastest-Growing Private Companies. The company also ranked No. 4 in the Financial Services category and No. 11 among Florida-based companies.

24. Symple Lending's Irvine office has been accredited by the Better Business Bureau ("BBB") since September 27, 2021. Symple Lending's Irvine office has an "A+" rating from BBB.

25. Symple Lending's "A+" BBB rating is critical to its business. BBB accreditation and "A+" rating telegraphs to consumers that a business meets BBB's standards for honesty, transparency, and ethical business practice. This is

particularly vital in the financial services industry, as consumers commonly reference BBB before deciding which company to work with.

**Defendants Begin Using the Nearly Identical Brand Name "Symple Path Lending" Without Permission, in Attempt to Divert Consumers from Plaintiff**

26. Defendant Symple Path Lending was founded in 2026 at the direction of Defendants.

27. Defendants have knowledge of Plaintiff and Plaintiff's Trademark Name because Defendants offer services in the same industry in the same local.

28. In approximately March of 2026, Defendants launched the website, https://symplepathlending.com/, offering the same services as Plaintiff, including marketing financial service products to consumers.

29. On information and belief, Defendants began using the practically identical infringing name "Symple Path Lending" on or about March 28, 2026 (despite falsely misrepresenting otherwise on its website), more than three years after Plaintiff began using its Trademark Name in commerce to promote its services nationally.

30. On information and belief, Defendants were knowingly, intentionally, and deceitfully using the practically identical infringing name "Symple Path Lending" (the "Infringing Name") for keyword optimization to steal market share from Plaintiff and to capitalize on the goodwill Plaintiff has amassed from its extensive marketing efforts.

31. Defendants' scheme to intentionally deceive and confuse consumers into diverting their business from Plaintiff is already proving to be a successful fraud, which is causing Plaintiff irreparable harm and injury to its reputation.

32. For example, on or about April 25, 2026—just one month after Defendants started using the Infringing Name—a consumer called Plaintiff after receiving a marketing mailer from Plaintiff. The consumer said they had previously spoken with a representative of Plaintiff's named Troy. Plaintiff's

representative advised the consumer to call Troy back directly. However, after the call ended, Plaintiff's representative discovered that Plaintiff did not employ anyone named Tory.

33. Accordingly, Plaintiff's representative called the consumer back to confirm who they had previously spoken with, and the consumer provided the following information:

a. The consumer stated that Troy kept calling him from different phone numbers and emailing him from different emails addresses;

b. The consumer forwarded emails between Troy and the consumer, wherein Troy's email address domain name is "@symplepathlending.com".

34. The incident with this consumer establishes actual confusion in the marketplace just one month after Defendants started using the Infringing Name.

35. On May 7, 2026, Plaintiff sent a cease and desist letter to the operators of the website https://symplepathlending.com/, by correspondence mailed to the address listed on the website. That cease and desist letter advised that Plaintiff presently (as of May 7, 2026) markets financial service programs to consumers under the trademark name "Symple Lending", federal trademark registration number 7491228 and that any use of the name Symple Lending, Symple Path Lending, or any form thereof, in connection with the marketing of financial service programs to consumers is an infringement upon the trademark for the name owned by Symple Lending, LLC.

36. Plaintiff's cease-and-desist letter requested written assurance within 7 business days that Defendants would stop providing marketing services under the name Symple Path Lending.

37. Plaintiff's May 7, 2026 cease and desist letter was returned as undeliverable. On information and belief, the address listed on the https://symplepathlending.com/ website (600 West Peachtree St. NW, #1700,

Atlanta, GA 30308) is a false address included on the website by its operators to give it an air of credibility.

38. Over the weekend of July 10, 2026, Plaintiff Symple Lending received an influx of negative BBB complaints and reviews. As noted above, the BBB has accredited Plaintiff for the past five years and gives the business an "A+" rating, which made this surge of negative complaints strange.

39. Moreover, each complainant reported the same issue regarding receiving numerous unsolicited calls regarding debt consolidation loans that they never applied for or requested. Plaintiff received four complaints and two one-star reviews with nearly identical wording over the weekend of July 10, 2026.

40. Plaintiff searched for these individuals in its CRM (customer relationship management) files using the names, phones numbers, and available contact information provided by the six complainants, and was unable to locate records related to any of them.

41. Accordingly, on July 13, 2026, Plaintiff reached out to BBB to advise that based on these findings, Plaintiff believes the negative complaints and reviews were likely submitted in error and intended for another company with the similar name "Symple Path Lending". A representative from BBB responded, stating they would investigate the issue and be in touch. In addition, on September 16, 2026, Plaintiff sent Mitigately a Cease and Desist letter related to their Trademark infringement. On September 17, 2026, general counsel for Mitigately, John P. Podmeyer, responded to the letter stating that:

> "*As part of its operations as a frontend debt settlement company, Mitigately, LLC contracts with third party marketers who market debt settlement service contracts which are then enrolled with a backend debt settlement provider pursuant to Mitigately's relationships with those backend debt settlement companies. These marketers are independent persons and entities which retain the contractual right to make their own decisions as to branding,*

*website design, advertising, and other business operations. The companies you have identified are separate legal entities organized under the laws of the state of Wyoming, and are not subsidiaries, affiliates, parents, fictitious entities, trade names, DBA's, or have any relationship with Mitigately beyond that of a contracting partying providing debt settlement services. Nevertheless, as a company we can certainly appreciate your client's concerns. We have had the opportunity to discuss your letter with the marketer operating Symple Path Lending, LLC which has provided assurances it will cease any use of the Symple name. We have confirmed that the web domain has in fact been taken offline.* "

42. Mitigately is partners with Clarity. Clarity is an online personal finance company and the "backend" company for which Mitigately sells financial products in the same industry as Plaintiff.

43. After counsel for Mitigately sent the response to Plaintiff's cease and desist letter, the web domain for Symple Path Lending was taken off line.

44. On October 12, 2026, Plaintiffs received a "Pre-Suit Demand" from Rachel W. Callahan. The demand is directed to Symple Path Lending among others (including Defendant Clarity). Ms. Callahan was clearly confused into believing that Symple Path Lending and Plaintiff were the same business.

45. Counsel for Plaintiff wrote back to Ms. Callahan and informed her that Plaintiff was not associated in anyway with Symple Path Lending but that Symple Path Lending was attempting to confuse consumers by benefitting from Plaintiff's name.

46. On November 17, 2026, Plaintiff received another demand from Mr. J. Brem for alleged TCPA violations because he was repeatedly contacted (without his consent) from the phone number (830) 253-0523. Mr. Brem included a recording of the telephone call he had with Defendants from that phone number

who identified themselves as "Symple Lending" during the call. Once Mr. Brem threated to report them for their illegal conduct, they hung up.

47. Subsequently, counsel for Plaintiff contacted Mr. Brem and informed him that the party that contacted him was not Symple Lending. Counsel told Mr. Brem that it was a company that has been impersonating Plaintiff and shared defendant Mitigately's response to Plaintiff's cease and desist letter.

48. After Mr. Brem received the true information about the party impersonating Plaintiff, Mr. Brem contacted Mitigately and insisted on finding out who oversaw this campaign. Mr. Brem immediately received an email from defendant Guerra, who identified himself as the owner of Symple Path Lending, LLC. In a subsequent email, Guerra offered to settle the matter with Mr. Brem.

49. Plaintiff is informed and believes that Mr. Brem and Guerra came to an agreement to settle the claim for an undisclosed amount.

50. Based on the foregoing, not only are Defendants benefiting from Plaintiff's goodwill by purposefully using the Infringing Name but also simultaneously tarnishing Plaintiff's Trademark Name by spamming consumers will illegal and unwanted calls.

51. Defendants' efforts to confuse consumers are deliberate.

52. Moreover, the risk to consumers here is great as consumers are being deceived into believing Defendants are affiliated with Plaintiff's Trademark Name, a brand into which Plaintiff has invested heavily in order to telegraph honesty, transparency, and trust.

53. Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants using the Infringing Name to market financial services because once a consumer thinks a company is predatory, its next to impossible to un-ring that bell, not to mention the inevitable downstream of negative word of mouth that comes with it.

54. Plaintiff seeks relief from the Court to prohibit Defendants from any further use of the Infringing Name or any other deceptively similar iteration thereof.

**FIRST CAUSE OF ACTION**

Trademark Infringement-15 U.S.C. § 1114

55. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint.

56. Plaintiff has not authorized, licensed, or given permission to Defendants to use the Trademark Name in any manner, including, but not limited to, the manner in which Defendants are using the Infringing Name to market their services.

57. Defendants are using the Infringing Name in commerce, including to advertise and promote their services (previously on defendant Symple Path Lending's website which, on information and belief, was created by, or at the direction of, Defendants), and to illegally spam consumers with unsolicited calls from defendant Symple Path Lending (again, on information and belief, at the direction of, or in concert with all Defendants) and misrepresent themselves to consumers as Plaintiff.

58. Defendants' use of the Infringing Name in connection with its services has already caused confusion and deceived consumers into believing that Plaintiff has an affiliation with Defendants.

59. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

60. Plaintiff lacks an adequate remedy at law. Unless an injunction is issued to enjoin Defendants from using the Infringing Name to market their services, consumers will continue to be confused and unknowingly divert their business from Plaintiff to Defendants and/or falsely attribute Defendants' predatory practices with Plaintiff, thereby irreparably damaging Plaintiff.

61. As a direct and proximate result of Defendants' infringement, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order enjoining Defendants from further infringement of Plaintiff's Trademark Name.

62. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs of the action, all to be determined according to proof at trial, but in no case less than $35 million.

63. Plaintiff is informed and believes and thereon alleges that Defendants' conduct as alleged herein was intentional and in conscious disregard of Plaintiff's rights and reputation. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against Defendants.

64. Defendants were aware of Plaintiff's Trademark Name and Plaintiff's efforts to market and advertise the Trademark Name in connection with marketing financial services when Defendants made the deliberate decision to adopt the Infringing Mark. Defendants deceitfully adopted the Infringing Mark to capitalize on the goodwill and trust built by Plaintiff's marketing and advertising expenditures and efforts.

65. Defendants' intentional and wrongful acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

## **SECOND CAUSE OF ACTION**

False Designation of Origin-15 U.S.C. § 1125(a)

66. Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint.

67. Defendants, through the acts and omissions described above, have used business and brand name in commerce that is confusingly similar to Plaintiff's Trademark Name, in a manner that is likely to cause confusion and

mistake and to deceive consumers as to the affiliation, connection, affiliation and/or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services, in violation of 15 U.S.C. § 1125(a).

68. Defendants' actions are willful, malicious, fraudulent, deliberate, and intended to confuse the public.

69. As a direct and proximate result of Defendants' creation of a false impression of association between Plaintiff and Defendants, and Defendants' use of a false designation of origin and false and misleading representation of fact in connection with Defendants' services, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order enjoining Defendants from further infringement of the Trademark Name.

70. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs of the action, all to be determined according to proof at trial, but in no case less than $35 million.

71. Plaintiff is informed and believes and thereon alleges that Defendants' conduct as alleged herein was intentional and in conscious disregard of Plaintiff's rights and reputation. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against Defendants.

72. Defendants were aware of Plaintiff's Trademark Name and Plaintiff's efforts to market and advertise the Trademark Name in connection with marketing financial services when Defendants made the deliberate decision to adopt the Infringing Mark. Defendants deceitfully adopted the Infringing Mark to capitalize on the goodwill and trust built by Plaintiff's marketing and advertising expenditures and efforts.

73. Defendants' intentional and wrongful acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

Dilution-15 U.S.C. § 1125(c)

74. Plaintiff incorporates by reference paragraphs 1 through 73 of this Complaint.

75. Plaintiff's Trademark Name, through its extensive and nationwide[1] advertising and marketing efforts, has acquired widespread name and brand recognition across the financial services industry and with consumers throughout the country.

76. Defendants, through their use of the Infringing Name, have directly harmed the distinctiveness Plaintiff has worked diligently to acquire in Plaintiff's Trademark Name. Accordingly, consumers are less likely to recognize Plaintiff as the source of their registered and distinctive Trademark Name.

77. Defendants, through their use of the Infringing Name in connection with predatory unsolicited spam calls to consumers, has harmed the reputation and strength of Plaintiff's Trademark Name.

78. As a result of Defendants' dilution of Plaintiff's Trademark Name, Plaintiff is entitled to injunctive relief and an order enjoining Defendants from continuing to infringe on Plaintiff's Trademark Name.

79. Plaintiff is informed and believes and thereon alleges that Defendants' actions are willful, malicious, fraudulent, and deliberate. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against Defendants.

80. Defendants were aware of Plaintiff's Trademark Name and Plaintiff's efforts to market and advertise the Trademark Name in connection with marketing financial services when Defendants made the deliberate decision to adopt the Infringing Mark. Defendants deceitfully adopted the Infringing Mark to capitalize

[1] Plaintiff markets its services in all states except California, Oregon, Wisconsin, and the District of Columbia.

on the goodwill and trust built by Plaintiff's marketing and advertising expenditures and efforts.

81. Defendants' intentional and wrongful acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

## **FOURTH CAUSE OF ACTION**

### Common Law Trademark Infringement

82. Plaintiff incorporates by reference paragraphs 1 through 81 of this Complaint.

83. Defendants' acts constitute common law trademark infringement and unfair competition under state law.

84. Plaintiff has been damaged and will continue to be damaged by Defendants' infringing activities.

85. Plaintiff is entitled to an injunction prohibiting Defendants from continuing the infringing activity described herein.

86. Plaintiff is also entitled to profits and damages arising from Defendants' wrongful use of business names confusingly similar to Plaintiff's Trademark Name.

87. Plaintiff is informed and believes that Defendants acted purposefully to cause injury to Plaintiff and/or carried on conduct with a willful and conscious disregard of Plaintiff's rights.

88. Defendants' despicable conduct has subjected Plaintiff to unjust hardship in conscious disregard of Plaintiff's rights.

89. Defendants' intentional misrepresented, deceived, and/or concealed material facts from consumers with the intention of depriving consumers and Plaintiff of legal rights and otherwise causing injury.

90. Accordingly, Defendants' acts constituting common law trademark infringement were committed with oppression, fraud, and malice in the meaning of California Civil Code § 3294.

**FIFTH CAUSE OF ACTION**

Intentional Interference with Prospective Economic Relations

91. Plaintiff incorporates by reference paragraphs 1 through 90 of this Complaint.

92. Plaintiff and a consumer were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff.

93. Defendants knew of the relationship.

94. Defendants engaged in wrongful conduct, including intentionally infringing on Plaintiff's Trademark Name to deceive the consumer into thinking Defendants either were Plaintiff or were affiliated with Plaintiff.

95. By engaging in this conduct, Defendants intended to disrupt the relationship and/or knew that disruption of the relationship was certain and/or substantially certain to occur.

96. The relationship was disrupted.

97. Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

**SIXTH CAUSE OF ACTION**

Violation of California Penal Code Section 496(c)

98. Plaintiff incorporates by reference paragraphs 1 through 97 of this Complaint.

99. On information and belief, the six negative BBB reviews Plaintiff received over the weekend of July 20, 2026, were from consumers that mistakenly used Defendants' services thinking the business was actually Plaintiff Symple Lending and/or affiliated with Plaintiff Symple Lending.

100. By stealing, and continuing to steal, market share from Plaintiff, Defendants have obtained by theft property belonging to Plaintiff and improperly diverted such property from Plaintiff.

101. Defendants knew the property was obtained in a manner constituting theft at the time they improperly diverted the property from Plaintiff.

102. Defendants' violation of California Penal Code section 496(a) caused Plaintiff to suffer actual damage, loss, and/or harm.

103. Pursuant to California Penal code section 496(c), Plaintiff is entitled to treble damages and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

Unfair Business Practices-California Bus. And Prof. Code § 17200

104. Plaintiff incorporates by reference paragraphs 1 through 103 of this Complaint.

105. Defendants' acts as described herein constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and Professions Code § 17200.

106. Defendants are, among other things, intentionally infringing on Plaintiff's Trademark Name to deceive consumers, purposefully interfering with Plaintiff's economic advantage, fraudulently stealing Plaintiff's market share, unfairly capitalizing on Plaintiff's hard-earned goodwill, and tarnishing Plaintiff's business through unjustified affiliation with Defendants' predatory practices.

107. Plaintiff has been damaged and will continue to be damaged by Defendants' unlawful, unfair, and/or fraudulent business practices and misleading advertising as alleged herein.

108. Plaintiff is entitled to an injunction prohibiting Defendants from continuing to engage in the practices alleged herein, and Plaintiff is entitled to restitution of all amounts acquired by Defendants by means of such wrongful acts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Symple Lending, LLC prays for relief and judgment against Defendants as follows:

1. Plaintiff's First Claim for Trademark Infringement Under 15 U.S.C. § 1114: for damages according to proof at trial, but in no case less than $35 million, including but not limited to (1) Plaintiff's actual damages, and (2) the Defendants' profits; for an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendants and each of their principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing Plaintiff's Trademark Name; for an order of destruction of infringing materials pursuant to 15 U.S.C. § 1118; for costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a); an for such other and further legal and equitable relief as the Court deems just and proper.
2. Plaintiff's Second Claim for False Designation of Origin Under 15 U.S.C. § 1125(a): for damages according to proof at trial, but in no case less than $35 million, including but not limited to (1) Plaintiff's actual damages, and (2) the Defendants' profits; for an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendants and each of their principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing Plaintiff's Trademark Name; for an order of destruction of infringing materials pursuant to 15 U.S.C. § 1118; for costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a); and for such other and further legal and equitable relief as the Court deems just and proper.

3. Plaintiff's Third Claim for Dilution Under 15 U.S.C. § 1125(c): for damages according to proof at trial, but in no case less than $35 million, including but not limited to Plaintiff's actual damages and Defendants' profits from using Infringing Name; for an order pursuant to 15 U.S.C. § 1125(c)(1) temporarily, preliminarily, and permanently enjoining Defendants, and each of their principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing Plaintiff's Trademark Name; for costs and attorneys' fees; and for such other and further legal and equitable relief as the Court deems just and proper.
4. Plaintiff's Fourth Claim for Common Law Trademark Infringement: for damages according to proof at trial, but in no case less than $35 million; disgorgement of Defendants' profits; punitive damages; prejudgment interest; costs of suit; attorneys' fees; for an order temporarily, preliminarily, and permanently enjoining Defendants, and each of their principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing Plaintiff's Trademark Name; for costs and attorneys' fees; and for such other and further legal and equitable relief as the Court deems just and proper.
5. Plaintiff's Fifth Claim for Intentional Interference with Prospective Economic Relations: for lost profits and general, special, incidental, and consequential damages in an amount to be proven according to proof at trial, but in no case less than $35 million, plus interest thereon from the earliest date and at the highest rate allowed by law; for a full accounting; for punitive damages according to proof at trial; for costs of suit; and for such other and further relief as the Court deems just and proper.

6. Plaintiff's Sixth Claim for Violation of California Penal Code Section 496(c): for treble damages and an award of attorney's fees; for costs of suit; and for such other and further relief as the Court deems just and proper.
7. Plaintiff's Seventh Claim for Unfair Business Practices Under California Business and Professions Code Section 17200: for an accounting of all profits derived by Defendants as a result of their unlawful conduct; disgorgement of all such wrongfully obtained profits; costs of suit; for an order temporarily, preliminarily, and permanently enjoining Defendants, and each of their principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from continuing to engage in the unfair practices alleged herein; for restitution of all amounts acquired by Defendants by means of such wrongful acts; for costs and attorneys' fees; and for such other and further legal and equitable relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: November 24, 2026

**ANGELO & WHITE**

By: ______________________________
ALYSSA MILMAN WHITE, ESQ.
SARA ESCALANTE, ESQ.
Attorneys for Plaintiff,
SYMPLE LENDING, LLC